## HENRY WEINERT, PLAINTIFF, v. WITAL RUBEL, DEFENDANT.

Submitted March 13, 1925—Decided October 15, 1925—Filed November 20, 1925.

**Negligence—Motor Vehicle Injury to Pedestrian—Defendant Going Rapidly Around Corner—Question of Contributory Negligence Properly Submitted to Jury—Damage Excessive and Reduced From $6,500 to $4,500.**

On rule to show cause allowed to defendant.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Robert H. Doherty.*

For the defendant, *William H. Holmwood.*

PER CURIAM.

This case is before us on a rule to show cause allowed to the defendant. The action was for the recovery of damages for personal injuries received by the plaintiff, Weinert. On May 30th, 1924, at about five forty-five P. M., Weinert was crossing Communipaw avenue, in Jersey City, from the east side to the west side at a point where Communipaw avenue is intersected by Pacific avenue. Communipaw avenue runs substantially north and south. Pacific avenue runs substantially east and west. The plaintiff was walking west on the north side of Pacific avenue and reached the curb at the northeast corner of Communipaw avenue. He started to cross over to the west side of Communipaw avenue when the defendant's car, which was going east on Pacific avenue, made a wide turn to go into Communipaw avenue. In making the turn the car came into collision with the plaintiff. The plaintiff sustained a dislocation of the right shoulder and a fracture of the neck of the right femur. His leg was short-

ened.   The verdict was $6,500.   The defendant contends that the verdict is against the weight of the evidence both on the subject of the contributory negligence of the plaintiff and the negligence of the defendant.   Upon the subject of the negligence of the defendant there was testimony that the defendant's car made the turn at twenty-five miles an hour and went half way up the block on Communipaw avenue after hitting the plaintiff.   There is also other testimony to the effect that the speed of the defendant's car at the time was from twenty to twenty-five miles an hour.   The evidence seems to us ample to justify the submission of the case to the jury upon the question of the defendant's negligence.

On the subject of the contributory negligence we think the facts presented a question for the jury.   The plaintiff made an observation before he attempted to cross the street.   In view of the speed of the defendant's car, we think a jury question was presented as to the plaintiff's contributory negligence.

The defendant contends that the verdict is excessive. While the plaintiff received a permanent injury in the shortening of the leg injured, this can be largely obviated by using an elevated shoe.   He was treated at a public hospital.   He paid no physicians' or hospital bills.   There was no testimony as to his earnings.   He was sixty-six years of age.   He suffered from rheumatism with which the accident had no connection.   Under these circumstances we think the verdict excessive.   If the plaintiff will file within fifteen days from the filing of this opinion a stipulation to accept $4,500 the rule will be discharged, otherwise it will be made absolute.